UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTY AND GREG ANDREWS,           CIVIL ACTION
ET AL, ETC.

VERSUS                              NO. 13–344

PELLA CORPORATION, ET AL            SECTION "C" (4)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss first amended complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) filed by Pella Corporation ("Pella"). Rec. Doc. 27. Having reviewed the record, the memoranda of counsel and the law, the Court rules as follows.

The plaintiffs in this class action are Louisiana homeowners who live in houses allegedly containing windows manufactured by Pella. They claim that the windows were defective and caused damages to their houses. In the First Amended Complaint filed under 28 U.S.C. § 1332, the plaintiffs include claims for a "national" class action,[1] along with a Louisiana subclass alleging a claim under Louisiana law for breach of

---

[1] The plaintiffs identify these claims in ¶¶ 58–118 of the First Amended Complaint.

express warranty under La. Rev. Stat. § 9:2800.58,[2] and a national class and Louisiana subclass seeking declaratory relief that the windows are defective, that provisions of the warranty are void as unconscionable, that Pella must notify the owners of defects and pay the cost of inspection to determine if window replacement is needed.[3] Rec. Doc. 20. Since the filing of this motion, the plaintiffs voluntarily dismissed the national class action claims set forth in ¶¶ 58–118 of the First Amended Complaint. Rec. Doc. 30.

Pella argues that the claim set forth in Count XI for declaratory relief should be dismissed because the plaintiffs do not allege an underlying substantive cause of action. The plaintiffs oppose dismissal with the argument that the Court has discretion to declare the rights and other legal relations whether or not other relief is available or being sought under the Declaratory Judgment Act, 28 U.S.C. § 2201, because it provides that the court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The plaintiffs also argue that there exists a substantial and continuing controversy between the parties warranting the exercise of the Court's discretion under the statute. Rec. Doc.

---

[2]The First Amended Complaint sets forth this claim at ¶¶ 119– 133, although Pella refers to it as "Count VII."

[3]The plaintiffs identify this claim in ¶¶157– 160 of the First Amended Complaint, although Pella refers to it as "Count IX."

31-1 at 6–7. The plaintiffs also allege that they have an independent basis for subject matter jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). Pella counters that the only remaining claims are based on the Louisiana Products Liability Act, which does not permit equitable determinations such as those sought by the plaintiffs in Count XI.

The Court finds if CAFA continues to provide a basis for subject matter jurisdiction, it does not provide a claim to support a declaratory action. The Court admits to difficulty in understanding the plaintiffs' argument on this issue, and assumes that whatever relief is available on the remaining claims is already being sought by the plaintiffs. In addition, the plaintiffs' explanation of the nature of any "continuing" dispute warranting a declaratory action is not clear to the Court. Nonetheless, the Court does find that the distinct issue whether the LPLA provides the Court with the authority to make equitable determinations, raised by Pella in its reply brief, is not properly presented in the motion to dismiss and would more properly addressed on a motion for summary judgment, accompanied by legal support. The motion to dismiss on this count will be denied, reserving to the defendant the right to challenge the claim on summary judgment, if appropriate.

Next, Pella argues that the plaintiffs have failed to plead the required elements

for an express warranty claim under the LPLA in Count VII because they do not allege that they were induced to use the product because of the warranty. The plaintiffs argue in opposition that they have quoted from the Owner's Manual's representations about testing and performance. The Court reads the First Amended Complaint on this claim as alleging that Pella made express representations to induce the purchase of the window, but does not allege that the plaintiffs were induced by any such representation. Under La. Rev. Stat. § 2800.58:

> A product is unreasonably dangerous when it does not conform to an express warranty made at any time by the manufacturer about the product if the express warranty **has induced the claimant** or another person or entity to use the product and the claimant's damage was proximately caused because the express warranty was untrue.

(emphasis added). In order to recover under this statute, the plaintiff must prove: (1) the manufacturere made an express warranty regarding the product, (2) the **plaintiff was induced** to use the product because of this warranty; (3) the product failed to conform to that express warranty; and (4) the plaintiff's damage was proximately caused because the express warranty was untrue. *Caboni v. General Motors Corp.*, 278 F.3d 448, 452 (5th Cir. 2002)(emphasis added). As such, the plaintiffs' allegations fall short of the mark.

    The record reflects that the plaintiffs have already amended their complaint once

after the defendant filed its first motion to dismiss. The plaintiffs do not request an additional opportunity to amend the complaint with regard to this motion.

Accordingly,

IT IS ORDERED that the motion to dismiss first amended complaint pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6) filed by Pella Corporation is PARTIALLY GRANTED as to Count VII (¶¶ 119–133), PARTIALLY DENIED WITHOUT PREJUDICE as to Count XI (¶¶157– 160) and DISMISSED AS MOOT as to Counts I-VI (¶¶ 58–118). Rec. Doc. 27.

New Orleans, Louisiana, this 7th day of October, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT